# EXHIBIT 1

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

      **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>Jesus Gonzalez</u>
  Plaintiff

                                                   Case # _____
                                                   Judge  _____

  vs.

<u>Hyatt Corporation</u>
  Defendant

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☒  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

      **III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☐ yes
   ☒ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Nolan K Klein</u>        Fla. Bar # <u>647977</u>
      Attorney or party              (Bar # if attorney)

<u>Nolan K Klein</u>         <u>07/19/2024</u>
  (type or print name)          Date

IN THE COUNTY COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JESUS GONZALEZ, *an individual*,                              CASE NO.:

        Plaintiff,

vs.


HYATT CORPORATION,
*a foreign corporation,*

        Defendant.

_____/

## **COMPLAINT**

Plaintiff, JESUS GONZALEZ, brings this action against Defendant, HYATT CORPORATION ("Defendant") for injunctive relief, attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the New York State Human Rights Law, the New York City Human Rights Law, and alleges:

## **INTRODUCTION**

1.      Defendant owns and/or operates that certain hotel known as The Chatwal, located at 130 West, 44th Street, New York, New York. (the "Hotel"). The Hotel has a website located at www.thechatwalny.com (the "Website"). The Website is registered to Defendant. The Hotel takes reservations through the Website and provides information regarding available guestrooms and amenities.

2.      As of March 15, 2012, Defendant was required to ensure that all of its reservation systems, including its online reservation systems (a) identify and describe disabled accessible

features of the Hotel in detail; (b) identify and describe disabled accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible and inaccessible features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1] Defendant has not complied. This lawsuit follows.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Defendant under Florida law in this action. Defendant owns or operates the Website, which is an interactive website through which Defendant sells its services and has consummated financial transactions (reservations and payments) with customers, including, on information and belief, customers from Florida. Additionally, while located outside of Florida, Defendant clearly violated Plaintiff's civil rights inside of Florida, as set forth more fully below, constituting clear grounds for this case to be brought in Florida pursuant to the Florida long arm jurisdiction statute.

4.      This case is properly venued in Miami-Dade County, Florida, because Plaintiff was injured in this jurisdiction by Defendant's civil rights violations, when he encountered from within this jurisdiction, on an online reservation system through which Defendant sells to customers, and seeks reservations and payment from hotel guests, from within this jurisdiction.

## PARTIES

5.      At all times material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, sui juris, and a resident of Miami-Dade County, Florida.

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system on which reservations can be made to stay at the Hotel, including orbitz.com, travelocity.com, hotels.com, and others.

6.    Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff has been diagnosed with paraplegia and uses a wheelchair for mobility purposes.

7.    Plaintiff's last trip to New York City was in May 2023, and Plaintiff plans to return in 2024 and/or thereafter. Plaintiff therefore has traveled, and continues to travel, to New York City, and when he does so, he must stay in hotels that are physically accessible to him. For this reason, the ability to research and reserve accessible rooms online is very important.

8.    Defendant is a New York limited liability company conducting business in the State of New York and is the owner and/or operator of the Hotel and has control over the content of the Website, including Hotel information and reservations.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

9.    On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l)- (4).

10.   Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

11.     On March 15, 2012, the revised regulations implementing Title III of the ADA took

effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging."

28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation
> that owns, leases (or leases to), or operates a place of lodging shall,
> with respect to reservations made by any means, including by
> telephone, in-person, or through a third party –
>
>> (i) Modify its policies, practices, or procedures to ensure
>> that individuals with disabilities can make reservations for
>> accessible guest rooms during the same hours and in the
>> same manner as individuals who do not need accessible
>> rooms;
>>
>> (ii) Identify and describe accessible features in the hotels
>> and guest rooms offered through its reservations service in
>> enough detail to reasonably permit individuals with
>> disabilities to assess independently whether a given hotel
>> or guest room meets his or her accessibility needs;
>>
>> (iii) Ensure that accessible guest rooms are held for use by
>> individuals with disabilities until all other guest rooms of
>> that type have been rented and the accessible room
>> requested is the only remaining room of that type;
>>
>> (iv) Reserve, upon request, accessible guest rooms or
>> specific types of guest rooms and ensure that the guest
>> rooms requested are blocked and removed from all
>> reservations systems; and
>>
>> (v) Guarantee that the specific accessible guest room
>> reserved through its reservations service is held for the
>> reserving customer, regardless of whether a specific room
>> is held in response to reservations made by others.

12.     In promulgating the new requirements, the Department of Justice made clear that

individuals with disabilities should be able to reserve hotel rooms with the same efficiency,

immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36,*

*Appx. A.*

13.     Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." 28 C.F.R. Part 36, Appx. A. Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." 28 C.F.R. Part 36, Appx. A. Labeling a guestroom as "accessible" or "ADA" is not sufficient.

14.      In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

28 C.F.R. Part 36, Appx. A.

15.     Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

16.     For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. 28 C.F.R. Part 36, Appx. A.

17.     However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum:

5

Docusign Envelope ID: 567B155A-DF9A-44D4-ABAB-B07AC7A71CAB

information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A*

18.     The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Hotel is in a building constructed prior to the 1991 Standards.

19.     The Website (and all other online reservation platforms used by the Hotel) allow reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

20.     It is critically important to Plaintiff that any hotel at which he stays is accessible to him, which takes some research. Plaintiff frequently researches and assesses the accessible features and guestrooms of hotels online, which is the fastest, easiest, and most convenient way for him to do so, in furtherance of any planned trips.

21.     Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to him, and whether he could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms. Upon his visit, Plaintiff discovered that the Website does not comply with the ADA and ADAAG, the website failed to provide him with any accessibility information or allow for the reservation of an accessible room (with known accessibility features). The Website provided information and took reservations related to non-accessible guestrooms, but not accessible guestrooms.

6

22.    The Website's homepage contains no information about the Hotel's ADA compliance and in the Hotel's common area or room accessibility. Upon selecting the '*Service & amenities*' section, a list of the hotel amenities and features is displayed, which does not include any descriptions or any information regarding accessibility.

23.    The '*Accommodations'* page fails to provide any information regarding accessibility, even while it offers the option to view the available rooms and suite types in more detail. When selected, the listed amenities for the One King Junior Suite With Terrace, One King Junior Suite Street View, Two Double Beds Deluxe Room, One King Deluxe Room Street View, One King Deluxe Terrace Room, One King Superior Room, Superior Queen Room, Producer Suite, Director Suite, Chatwal Suite, Garden Suite, Zen Suite, Manhattan Suite, Hollywood Suite, Library Suite and the Heritage Suite, do not mention anything about ADA compliance or accessibility.

24.    The website does not provide any accessibility information concerning common areas and hotel amenities, there is no indication that the Hotel common areas meet the 1991 Standards, or alternatively, as examples:

    a.    Whether the public entrance to the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

    b.    Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

Docusign Envelope ID: 567B155ADF9A44D4ABAB-B07AC7A71CAB

c.  Whether any business center complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

d.  Whether any meeting/ballroom areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

e.  Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

f.  Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

g.  Whether the route from the public entrance to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

      h. Whether the route from the accessible guestrooms to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other disabled individuals can evaluate whether it is accessible to them;

25. This is not intended to be an exclusive list, and Plaintiff brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel.

26. In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

27. Plaintiff will visit the Website again and will visit the Website and online reservation platforms controlled by Defendant again, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotels meet each of their specific accessibility needs, and determine whether they can reserve an accessible guestroom.

28. Defendant has discriminated against Plaintiff and all other mobility-impaired individuals, by denying full and equal access to and enjoyment of the goods, services, facilities,

privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above. Defendant has had eight (8) years to bring the Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

29.     Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

30.     Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

31.     Plaintiff is without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that he will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and other online reservation platforms, as applicable), and to maintain the Websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

32.     Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

## COUNT II
## VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

33.     Plaintiff re-avers the allegations set forth above as though fully set forth herein.

34.     The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [2]

35.     The Website (and other online reservation platforms, as applicable) is a gateway to, and a part of, the Hotel, which is a place of public accommodation as defined by the New York State Human Rights Law.

36.     By maintaining barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of disability, accommodations, advantages, facilities or privileges of the Hotel. The failure by Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as "negligence per se."

37.     Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seek judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to §297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

38.     Plaintiff re-avers the allegations set forth above as though fully set forth herein.

---

[2] NYS Exec. Law § 296 (2)(a).

39.     The New York City Human Rights Law provides:

It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[3]

40.     Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff full access to all the accommodations, benefits, and services, available appurtenant to the Hotel, as described above.

41.     Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law, and all relief provided for thereunder.

WHEREFORE, Plaintiff, JESUS GONZALEZ, respectfully requests that this Court enter judgment in her favor, and against Defendant, as follows:

a.      A declaration that the Website (and other online reservation platforms, as applicable) is owned, leased, operated, and/or controlled by Defendant is in violation of the ADA, NYSHRL, and/or NYCHRL;

b.      Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

---

[3] NYC Admin Code § 8-107(4)(a)

12

Docusign Envelope ID: 567B155A-DF9A-44D4-ABAB-B07AC7A71CAB

c.    Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any Website through which it is offering online reservations for any hotel that it owns or operates, unless such Website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

d.    An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff;

e.    An award of compensatory damages deemed just and appropriate pursuant to NYSHRL and NYCHRL, to Plaintiff; and

f.    Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

DATED this **18th** day of **July,** 2024

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH: (954) 745-0588

By: ___/s/ Nolan Klein, Esq.___
NOLAN K. KLEIN, ESQ.
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

## <u>VERIFICATION</u>

I hereby certify that I have read the allegations in the above complaint and the allegations are true and correct to the best of my knowledge, information, and belief.

*Jesus Gonzalez*
AF1167979E974A5...
JESUS GONZALEZ

13

Filing # 202978437 E-Filed 07/22/2024 12:48:44 AM

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**COUNTY CIVIL DIVISION**

**CASE NO.:** 2024-140383-CC-25
**SECTION:** CL02

**Jesus Gonzalez**
**Plaintiff(s),**

**vs.**

**Hyatt Corporation**
**Defendant(s)**

_____/

**UNIFORM CASE MANAGEMENT ORDER SETTING PRETRIAL DEADLINES AND RELATED REQUIREMENTS (GENERAL PATHWAY - COUNTY CIVIL PROCEDURE CASES)**

PLAINTIFF SHALL SERVE THIS ORDER UPON A DEFENDANT WITHIN 10 DAYS OF ANY FILING BY THAT DEFENDANT.

ALL PARTIES MUST READ CAREFULLY AS STRICT COMPLIANCE IS MANDATORY.

In compliance with the mandatory requirements of governing Administrative Orders regarding case management, the Court hereby ORDERS as follows:

1. Attorneys are professionally obligated to diligently litigate the case so litigation can conclude as soon as it is reasonably and justly possible. See Florida Rule of General Practice and Judicial Administration 2.545. The specific pretrial deadlines and requirements set forth herein shall be strictly enforced by the Court. Non-compliance with any part of this Order may result in sanctions including, but not limited to, striking of pleadings, monetary sanctions, waiver and/or default. It is on the parties to promptly and timely schedule hearings on filed motions.

2. The deadlines contained in this Order cannot be waived or extended by stipulation of the parties and remain in effect unless the Court grants an enlargement. A motion seeking an enlargement of a particular deadline shall specify detailed reasons for the enlargement and the amount of time requested.

3. In the event parties are unable to coordinate any non-dispositive and non-evidentiary hearing, deposition, or motion within a reasonable period of time (not less than 72 hours) and after 3 documented attempts, the moving party shall unilaterally set the issue for hearing pursuant to divisional instructions to occur no less than 14 days and no more than 45 days after the third attempt.

4. <u>SETTLEMENT:</u>  Counsel shall immediately notify the Court in the event of settlement and submit a Stipulation of Settlement and Order of Dismissal.  Counsel shall also notify the Court of any pending hearings that will be cancelled as a result of the settlement.

5. <u>SERVICE:</u> Plaintiffs shall serve their actions promptly by _____**11-15-2024**_____ and in compliance with Florida Rule of Civil Procedure 1.070. Service issues shall be addressed promptly and with diligence. No extensions pursuant to Florida Rule of Civil Procedure 1.070 shall be granted without specific proof of diligent effort to effect service and a written explanation of what efforts the Plaintiff intends to pursue to effect service successfully, with proposed deadlines. No extension to serve a defendant beyond _____**02-13-2025**_____ shall be allowed.

6. The following litigation deadlines are set:

   a. <u>ADDITION OF ANY NEW PARTIES</u> shall occur by _____**01-14-2025**_____.

   b. <u>FACT WITNESS LIST</u> shall be filed by _____**05-15-2025**_____. The fact witnesses shall be in alphabetical order and contain the names and addresses of all non-expert witnesses. Only those witnesses listed shall be permitted to testify without leave of Court. All witness lists shall include a brief description of the substance and scope of the testimony to be elicited. Within 30 days of discovering previously unknown witnesses, either party may seek leave of Court to amend their submissions, disclosures, or discovery obligations.

   c. <u>EXHIBIT LIST</u> shall be filed by _____**05-15-2025**_____. The Exhibit List shall disclose a list of all documentary and physical evidence intended to be used at trial. Each item shall be specifically described and listed by number and description. Generic descriptions of exhibits are subject to being stricken. All listed exhibits shall have been made available to opposing counsel for examination, initialing, and copying. Parties shall timely amend their exhibit list.

   d. <u>EXPERT WITNESSES</u> shall be disclosed by _____**07-14-2025**_____ with the names and addresses of all the expert witnesses to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5)(A).  This includes disclosing the expert's area of expertise and serving a copy of each expert's reports or answers to expert interrogatories, if a report was prepared and/or expert interrogatories propounded. Each party is limited to one expert per specialty.  No other expert testimony shall be permitted at trial.

   e. <u>FACT AND EXPERT DISCOVERY,</u> including all inspections, depositions, and examinations, shall be completed no later than _____**12-10-2025**_____. Written discovery shall be served no later than _____**11-05-2025**_____. The parties shall timely coordinate the scheduling and setting of depositions for all witnesses and/or parties they intend to depose.

   f. <u>MOTIONS FOR SUMMARY JUDGMENT and DAUBERT MOTIONS</u> shall be filed by _____**09-12-2025**_____ and heard no later than _____**12-10-2025**_____.

   g. <u>OBJECTIONS TO PLEADINGS AND ALL OTHER PRETRIAL MOTIONS,</u> except

for motions in limine, shall be filed by _____**10-12-2025**_____ and heard no later than _____**12-10-2025**_____. Any motion not filed and heard prior to the expiration of this deadline may be deemed waived or denied absent extraordinary circumstances which could not have been prudently anticipated, or by order of the Court entered prior to the expiration of the applicable time limitation.

h. <u>MEDIATION:</u> Parties are hereby referred to mandatory mediation, which shall be completed no later than _____**12-10-2025**_____. The parties shall comply with Florida Rules Civil Procedure 1.700, 1.710, 1.720, 1.730, and 1.750 as to the conduct of mediation. Plaintiff's counsel is appointed lead counsel to facilitate, mutually coordinate and schedule the mediation conference. Costs of mediation shall be borne equally by both parties. Failure to mediate in good faith may result in the imposition of monetary sanctions.

7. <u>TRIAL:</u> The projected date of trial is _____**01-09-2026**_____. A firm trial date will be ordered by the Court when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440. The parties shall do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure. Failure to do so will not be grounds for a continuance.

8. <u>JOINT PRETRIAL STIPULATION:</u> A Joint Pretrial Stipulation shall be filed by all parties (via counsel of record) no later than _____**12-10-2025**_____. All parties shall cooperate in good faith in preparation of the Joint Pretrial Stipulation. Unilateral pretrial stipulations will not be accepted. The single, unified submission shall contain the following information in separately numbered paragraphs or sections:

a. <u>Stipulated Statement of Facts</u>:  A list of those facts that can be stipulated to and require no proof at the trial, together with a concise, impartial statement of the facts of the case.

b. <u>Statements of Disputed Law & Fact</u>:  Those issues of law and fact that are to be tried.

c. <u>Witness Lists</u>:  Parties shall attach the witness lists filed consistent with Paragraph 6b. and 6d. of this Order, including all rebuttal or impeachment witnesses. If any party objects to any witness, such objections shall be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties shall be strictly limited to witnesses properly and timely disclosed.

d. <u>Exhibit Lists</u>:  Counsel shall initial each other party's exhibit list and exhibits consistent with Paragraph 6c. of this Order. If any party objects to the introduction of any such exhibit, such objection shall be stated in the Stipulation, setting forth the grounds with specificity. Parties shall attach the final, initialed exhibit lists with objections. Only those exhibits listed and initialed may be offered in evidence.

e. <u>Jury Instructions</u>:  If the trial is a jury trial, counsel shall identify and attach all agreed upon standard instructions and all special instructions.  Any disputed jury instructions shall be attached and identified as to the party that proposed the instruction, along with copies of supporting case law.

f. <u>Verdict Forms</u>:  If the trial is a jury trial, the proposed jury verdict forms shall be attached and designated as agreed to or disputed.

g. <u>Motions in Limine</u>:  Each party shall make any anticipated motion(s) in limine indicating all stipulations/agreed items and any motion(s) in limine requiring a Court ruling.

h. <u>Trial Estimate</u>:  Each party shall provide an estimate of the number of days for trial.

i. <u>Daubert issues</u>:  All Daubert issues involving any requests for Daubert-related evidence shall be in writing. Failure to do so shall constitute a waiver of any Daubert-related evidence issue.

j. <u>Other issues</u>: The parties shall list any other issue that could potentially take up unnecessary time during the trial to facilitate the resolution of those matters prior to the trial date.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **21st day of July, 2024**.

2024-140383-CC-25 07-21-2024 11:55 PM

2024-140383-CC-25 07-21-2024 11:55 PM
_____
**Kevin Hellman**
COUNTY COURT JUDGE

Copies Furnished to:
Electronically Served

Nolan K Klein, klein@nklegal.com
Nolan K Klein, amy@nklegal.com

**IN THE COUNTY COURT OF THE 11ᵗʰ JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

JESUS GONZALEZ, *an individual,*                    CASE NO.: 2024-140383-CC-25

        Plaintiff,

vs.

HYATT CORPORATION,
*a Foreign Corporation,*

        Defendant.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

TO EACH SHERIFF OF THE STATE:

        **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, in this action on **Defendant:**

### HYATT CORPORATION

By Serving Its Registered Agent:      c/o United States Corporation Company
                                    80 State Street
                                    Albany, NY 12207

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose address is:

**LAW OFFICES OF NOLAN KLEIN, P.A.**
**Nolan Klein, Esq.**
**1213 SE Third Avenue**
**Fort Lauderdale, FL 33316**

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

        WITNESS my hand and seal of this Court on_____, 20____.

                                    Clerk of the Court

                                    By: _____

                                    Deputy Clerk

**AMERICANS WITH DISABILITIES ACT OF 1990 ADA NOTICE**
**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1 Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

**LEY PARA ESTADOUNIDENSES CON INCAPACIDADES**
**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**ACT DE 1990 POUR AMERICAINS HANDICAPES AVIS DE l' ADA**
**" Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

**LWA 1990 POU AMERIKEN KI ENFIM ANONS POU AMERIKEN KI ENFIM**
**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

IN THE COUNTY COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JESUS GONZALEZ, *an individual,*                    CASE NO.:  2024-140383-CC-25

        Plaintiff,

vs.

HYATT CORPORATION,
*a Foreign Corporation,*

        Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES

Plaintiff, JESUS GONZALEZ, ("Plaintiff"), by and through undersigned counsel and pursuant to Fla. R. Civ. P. 1.370, hereby propounds the following First Set of Interrogatories upon Defendant, HYATT CORPORATION ("Defendant") to be responded to within (45) days after the date of service hereof.

        Dated: July 23, 2024

                         Respectfully Submitted,

                         **Law Offices of Nolan Klein, P.A.**
                         *Attorneys for Plaintiff*
                         5550 Glades Road, Suite 500
                         Boca Raton, FL 31431
                         PH:    (954) 745-0588

                         By:  */s/ Nolan Klein*
                         NOLAN KLEIN, ESQ.
                         Florida Bar No. 647977
                         klein@nklegal.com
                         amy@nklegal.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the foregoing instrument was served via Email to the following individuals on the attached service list this **23rd** day of **July**, 2024.

By: _/s/ Nolan Klein_
NOLAN KLEIN, ESQ.

<u>**DEFINITIONS**</u>

1.      The words "you," "your," "yours," "yourselves" and/or "Defendant" shall mean the Defendant HYATT CORPORATION, or other persons acting, or purporting to act, on behalf of the Defendant.

2.      The word "Plaintiff" shall mean Plaintiff, JESUS GONZALEZ.

3.      The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

4.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5.      The word "document" shall mean all written or graphic matter or any other means of preserving thought or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches,

2

diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements of employees, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements or other promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers or newsletters, diagrams, photographs, e-mail, electronic or mechanical records, telegrams, telecopies, audiotapes, and all other receptacles or repositories housing or containing such documents, and all other media used to record, in any form, information.   A draft, annotated or otherwise non-identical copy is a separate document within the meaning of this term. "Document" shall also include any removable "Post-It" notes or other attachments affixed to any of the foregoing, as well as the file, folder tabs, and labels appended to or containing any documents. "Document" expressly includes all Electronic Data stored on any Electronic Media.

6.      "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

7.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

8.      The term "date" means the exact date, month and year (designated as Your best approximation).

9.      The words "pertain to" or "pertaining to" mean" relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

10.      The terms "third party" or "third parties" refers to individuals or entities that are not a party in this action.

11.     The term "Complaint" shall mean Plaintiff's initial pleading in the above-captioned litigation.

12.     The term "action" shall mean the above-captioned case.

13.     The word "Website" shall mean www.thechatwalny.com

14.     The word "Hotel" shall mean that certain hotel known as The Chatwal, located in New York, New York.

15.     The term ADA shall mean the Americans with Disabilities Act, as codified at 42 U.S.C. §12181, *et. seq.*

16.     The term ADAAG shall mean the Americans with Disabilities Act Accessibility Guidelines, as codified at 28 C.F.R. Part 36.

## **INSTRUCTIONS**

Plaintiff refers Defendant to Local Rule 26.2 regarding any information Defendant believes to be privileged. If you object to fully identifying a document or oral communication because of a privilege you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1.     The nature of the privilege claimed (including work production);

2.     If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege is being invoked;

3.     The date of the document or oral communication;

4.     If a document, its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if, not apparent, the relationship between the author and addressees;

4

5.      If an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship between the persons present to the declarant, and

6.      The general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your responses to this request for production under the circumstances specified in Fed. R. Civ. P. 26(e).

## <u>INTERROGATORIES TO DEFENDANT</u>

1.      Please identify the person answering these Interrogatories, including his or her name, relationship to the Defendant entity, and contact information.

2.      Please identify all persons who are believed by You to have any knowledge concerning any of the issues in this lawsuit (including all contact information for each person identified) and specify all subject matter about which such person is believed to have knowledge.

3.      Please provide the name, address and telephone number of all persons from whom You, or Your representative, have taken statements regarding any of the issues in this case, whether oral or written, and identify the statement dates, form, subject matter, present location, present custodian, and who took the statement.

4.      Identify who, if anyone, has modified the Website at any time from September 15, 2010 through the present.

5.      Identify the person or entity who you consider to be responsible for ensuring that the Hotel complies with ADA requirements.

6.      Identify the person or entity responsible for ensuring that the Website complies with all legal and regulatory requirements.

7.      Identify all third parties retained by Defendants at any time since September 15, 2010, to maintain or redesign the Website, including the scope of work with which each identified person or company was tasked.

8.      Identify all changes made to the Website after the date on which the Complaint was filed, as well as the person or entity who made each identified change, and the reason for the specified change.

9.      Who currently owns the Website domain name? Please include name, and all contact information for the Website domain owner.

10.     What actions were taken to ensure that the Website complies with 28 C.F.R. §36.302(e)(1) from September 15, 2010, through the present? In answering, please include the dates on which any responsive action(s) were taken, and the person or company tasked with any identified action(s).

11.     Is it your position that as of the date on which the Complaint was filed, the Website described accessible guestrooms at the Hotel, including accessible features of those guestrooms rooms? If so, please provide the URL for the Website page that you posit to have provided that information pre-suit.

12.     Is it your position that as of the date on which the Complaint was filed, the Website allowed for reservation of accessible guestrooms in the same manner as reservation of other guestroom types? If so, please provide the URL for the Website page that you posit to have provided the ability to make such reservations.

13.     Is it your position that as of the date on which the Complaint was filed, the Website identified common areas of the Hotel as compliant, or non-complaint (as applicable), with the

6

ADAAG standards? If so, please provide the URL for the Website page that you posit to have provided that information pre-suit.

14.     Is it your position that as of the date on which the Complaint was filed, the Website identified amenities at the Hotel as compliant, or non-complaint (as applicable), with the ADAAG? If so, please provide the URL of the Website page that you posit to have provided that information pre-suit.

15.     Identify each person whom Defendant believes to have knowledge concerning any allegations and denials asserted in your Answer.

16.     If known, please state your estimated cost to bring the Website into compliance with 28 C.F.R. § 36.302(e)(1).

17.     Is it your position that bringing the Website into compliance with 28 C.F.R. § 36.302(e)(1) would fundamentally alter the nature of goods, services, facilities, privileges, advantages, and/or accommodations provided at the Hotel? If so, please describe the basis for this position in detail.

18.     Is it your position that bringing the Website into compliance with 28 C.F.R. § 36.302(e)(1) is not readily achievable? If so, please describe the basis for this position in detail.

19.     Please state any facts which you content to excuse the Website from compliance with 28 C.F.R. § 36.302(e)(1), or the Hotel from compliance with any part of 28 C.F.R. Part 36.

20.     Please identify all person or entities who have built, modified, coded, or in any other manner worked on, the Website, at any time from September 15, 2010, through today.

21.     Please describe in detail Defendant's policies, practices, and procedures, for reservation of accessible Hotel guestrooms.

22.     How many times has an accessible guestroom been reserved at the Hotel, through the Website and in the same manner as reservations for other guestroom types, from September 15, 2010, through the date on which the Complaint was filed. For each such instance, please explain how such a reservation was made online.

23.     Are accessible guestrooms available for reservation at the Hotel? If so, please describe the number of such rooms, the type of guestrooms available in an accessible version, and the accessible features of each such guestroom.

24.     Are the common areas of the Hotel accessible to the disabled? Please describe the common areas that are accessible, as well as common areas that are not accessible, as well as the features which you contend to make the identified area(s) accessible or inaccessible to the disabled.

25.     Are the amenities at the Hotel accessible to the disabled? Please describe the amenities that are accessible, as well as amenities that are not accessible, as well as the features or dimensions which you contend to make the identified amenities accessible or inaccessible.

## <u>VERIFICATION</u>

_____
AFFIANT


STATE OF _____      )
                            )SS:
COUNTY OF _____       )


     BEFORE ME, the undersigned authority, personally appeared, _____

known to me or who has produced _____ as identification and

who did (did not) take an oath, states that he/she has read the foregoing Answers to Interrogatories

and same are true to the best of his/her knowledge and belief.

     WITNESS my hand and official seal in the County and State last aforesaid, this_____ day

of _____, _____.

**IN THE COUNTY COURT OF THE 11ᵗʰ JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

JESUS GONZALEZ, *an individual,*                    CASE NO.: 2024-140383-CC-25

        Plaintiff,

vs.

HYATT CORPORATION,
*a Foreign Corporation,*

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, JESUS GONZALEZ, ("Plaintiff"), by and through undersigned counsel and pursuant to Fla. R. Civ. P. 1.370, hereby propounds the following Requests for Admission upon Defendant, HYATT CORPORATION, ("Defendant") to be responded to within (45) days after the date of service hereof.

## DEFINITIONS

1.      For purposes of this First Request to Admit, the words "you," "yours," "Defendant," and/or "yourself/yourselves" shall mean Defendant, HYATT CORPORATION, and any agents, representatives or other persons acting or purporting to act, on behalf of Defendant.

2.      The word "Plaintiff" shall mean Plaintiff, JESUS GONZALEZ.

3.      The term "person" means any natural person, association, proprietorship, firm, corporation, public corporation, municipal corporation, federal, state or local government, and all departments and agencies thereof, and any other agency, group association or organization.

4.      The term "Complaint" shall mean Plaintiff's initial pleading in the action captioned above.

5.      "Agent" shall mean:  any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

6.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

7.      The terms "third party" or "third parties" refers to individuals or entities that are not a party in this action.

8.      The word "Website" shall mean www.thechatwalny.com

9.      The word "Hotel" shall mean that certain hotel known as The Chatwal, located in New York, New York.

10.     The term "ADAAG" shall mean the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36.

## PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

**Please Admit:**

1.      As of the date on which the Complaint was filed, the Website did not describe accessible guestrooms that are available for rent at the Hotel.

2.      As of the date this request was served, the Website does not describe accessible guestrooms that are available for rent at the Hotel.

3.      As of the date on which the Complaint was filed, the Website did not set forth the types of accessible bathing facilities located within accessible guestrooms at the Hotel.

4.      As of the date this request was served, the Website does not set forth the types of accessible bathing facilities located within accessible guestrooms at the Hotel.

5.      As of the date on which the Complaint was filed, the Website did not designate certain guestrooms as accessible for the mobility impaired.

6.     As of the date this request was served, the Website does not designate certain guestrooms as accessible for the mobility impaired.

7.     As of the date on which the Complaint was filed, it was not possible to reserve an accessible guestroom on the Website.

8.     As of the date this request was served, it is not possible to reserve an accessible guestroom on the Website.

9.     As of the date on which the Complaint was filed, the Website did not designate certain guestrooms as accessible for the hearing impaired.

10.     As of the date this request was served, the Website does not designate certain guestrooms as accessible for the hearing impaired.

11.     As of the date on which the Complaint was filed, the Website did not indicate whether the public entrances to the Hotel comply with ADAAG standards.

12.     As of the date this request was served, the Website does not indicate whether the public entrances to the Hotel comply with ADAAG standards.

13.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the public entrances to the Hotel *do not comply* with ADAAG standards.

14.      As of the date this request was served, the Website does not indicate any ways in which the public entrances to the Hotel *do not comply* with ADAAG standards.

15.     As of the date on which the Complaint was filed, the Website did not indicate whether the registration desk at the Hotel complies with ADAAG standards.

16.     As of the date this request was served, the Website does not indicate whether the registration desk at the Hotel complies with ADAAG standards.

17.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the registration desk at the Hotel *does not comply* with ADAAG standards.

18.     As of the date this request was served, the Website does not indicate any ways in which the registration desk at the Hotel *does not comply* with ADAAG standards.

19.     As of the date on which the Complaint was filed, the Website did not indicate whether the restaurant or other food service areas at the Hotel comply with ADAAG standards.

20.     As of the date this request was served, the Website does not indicate whether the restaurant or other food service areas at the Hotel comply with ADAAG standards.

21.     As of the date of which the Complaint was filed, the Website did not indicate any ways in which the restaurant areas at the Hotel *do not comply* with ADAAG standards.

22.     As of the date this request was served, the Website does not indicate any ways in which the restaurant or other food service areas at the Hotel *do not comply* with ADAAG standards.

23.     As of the date on which the Complaint was filed, the Website did not indicate whether any parking facilities, lots, or other parking accommodations at the Hotel comply with ADAAG standards.

24.     As of the date this request was served, the Website does not indicate whether any parking facilities, lots, or other parking accommodations at the Hotel comply with ADAAG standards.

25.     As of the date on which the Complaint was filed, the Website did not indicate the ways in which any parking facilities, lots, or other parking accommodations at the Hotel *do not comply* with ADAAG standards.

4

26.     As of the date this request was served, the Website did not indicate the ways in which any parking facilities, lots, or other parking accommodations at the Hotel *do not comply* with ADAAG standards.

27.     As of the date on which the Complaint was filed, the Website did not indicate whether the swimming pool (if there is a swimming pool) complies with ADAAG standards.

28.     As of the date this request was served, the Website does not indicate whether the swimming pool (if there is a swimming pool) complies with ADAAG standards.

29.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the swimming pool (if there is a swimming pool) does not comply with ADAAG standards.

30.     As of the date this request was served, the Website does not indicate any ways in which the swimming pool (if there is a swimming pool) does not comply with ADAAG standards.

31.     As of the date on which the Complaint was filed, the Website did not indicate whether the business center at the Hotel complies with ADAAG standards.

32.     As of the date this request was served, the Website does not indicate whether the business center at the Hotel complies with ADAAG standards.

33.     As of the date on which the Complaint was filed, the Website did not indicate specific ways in which the business center at the Hotel does not comply with ADAAG standards.

34.     As of the date this request was served, the Website does not indicate specific ways in which the business center at the Hotel does not comply with ADAAG standards.

35.     As of the date on which the Complaint was filed, the Website did not indicate whether the meeting/ballroom areas at the Hotel comply ADAAG standards.

36.     As of the date on which the Complaint was filed, the Website does not indicate whether the meeting/ballroom areas at the Hotel comply ADAAG standards.

37.     As of the date on which the Complaint was filed, the Website did not indicate specific ways in which the meeting/ballroom areas at the Hotel do not comply with ADAAG standards.

38.     As of the date this request was served, the Website does not indicate specific ways in which the meeting/ballroom areas at the Hotel do not comply with ADAAG standards.

39.     As of the date on which the Complaint was filed, the Website did not indicate whether the route from the public entrances of the Hotel to the registration desk is in compliance with ADAAG standards.

40.     As of the date this request was served, the Website does not indicate whether the route from the public entrances of the Hotel to the registration desk is in compliance with ADAAG standards.

41.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route from public entrances of the Hotel to the registration desk *do not comply* with ADAAG standards.

42.     As of the date this request was served, the Website does not indicate any ways in which the route from public entrances of the Hotel to the registration desk *do not comply* with ADAAG standards.

43.     As of the date on which the Complaint was filed, the Website did not indicate whether the accessible route(s) from the registration desk to the accessible room(s) is accessible in compliance with ADAAG standards.

44.     As of the date this request was served, the Website does not indicate whether the accessible route(s) from the registration desk to the accessible room(s) is accessible in compliance with ADAAG standards.

45.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route(s) from the registration desk to accessible guestrooms do not comply with ADAAG standards.

46.     As of the date this request was served, the Website does not indicate any ways in which the route(s) from the registration desk to accessible guestrooms do not comply with ADAAG standards.

47.     As of the date on which the Complaint was filed, the Website did not indicate whether the route(s) from the public entrance to the business center is accessible in compliance with ADAAG standards.

48.     As of the date this request was served, the Website does not indicate whether the route(s) from the public entrance to the business center is accessible in compliance with ADAAG standards.

49.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route(s) from the public entrance to the business center *is not accessible* in compliance with ADAAG standards.

50.     As of the date this request was served, the Website does not indicate any ways in which the route(s) from the public entrance to the business center *is not accessible* in compliance with ADAAG standards.

51.     As of the date on which the Complaint was filed, the Website did not indicate whether the route(s) from the accessible guestroom(s) to the business center is accessible in compliance with ADAAG standards.

52.     As of the date this request was served, the Website does not indicate whether the route(s) from the accessible guestroom(s) to the business center is accessible in compliance with ADAAG standards.

53.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route(s) from accessible guestroom(s) to the business center is not accessible in compliance with ADAAG standards.

54.     As of the date this request was served, the Website does not indicate any ways in which the route(s) from accessible guestroom(s) to the business center is not accessible in compliance with ADAAG standards.

55.     As of the date on which the Complaint was filed, the Website did not indicate whether the route from the accessible guestrooms to the business center is accessible in compliance with ADAAG standards.

56.     As of the date this request was served, the Website does not indicate whether the route from the accessible guestrooms to the business center is accessible in compliance with ADAAG standards.

57.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route from accessible guestrooms to the business center is not accessible in compliance with ADAAG standards.

58.     As of the date this request was served, the Website does not indicate any ways in which the route from accessible guestrooms to the business center is not accessible in compliance with ADAAG standards.

59.     As of the date on which the Complaint was filed, the Website did not indicate whether or not the route(s) from the public entrance(s) to the pool (if any) is/are accessible in compliance with ADAAG standards.

60.     As of the date this request was served, the Website does not indicate whether or not the route(s) from the public entrance(s) to the pool (if any) is/are accessible in compliance with ADAAG standards.

61.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route(s) from the accessible guestroom(s) to the pool (if any) is not accessible in compliance with ADAAG standards.

62.     As of the date this request was served, the Website did not indicate any ways in which the route(s) from the accessible guestroom(s) to the pool (if any) is not accessible in compliance with ADAAG standards.

63.     As of the date on which the Complaint was filed, the Website did not indicate whether the route(s) from the public entrance to the fitness center(s) is accessible in compliance with ADAAG standards.

64.     As of the date this request was served, the Website does not indicate whether the route(s) from the public entrance to the fitness center(s) is accessible in compliance with ADAAG standards.

65.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route from the public entrance(s) to the fitness center *is not accessible* in compliance with ADAAG standards.

66.     As of the date this request was served, the Website did not indicate any ways in which the route from the public entrance(s) to the fitness center *is not accessible* in compliance with ADAAG standards.

67.     As of the date on which the Complaint was filed, the Website did not indicate whether the route(s) from the accessible guestroom(s) to the fitness center is accessible in compliance with ADAAG standards.

68.     As of the date this request was served, the Website does not indicate whether the route(s) from the accessible guestroom(s) to the fitness center is accessible in compliance with ADAAG standards.

69.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route(s) from the public entrance(s) to the fitness center is not accessible in compliance with ADAAG standards.

70.     As of the date this request was served, the Website did not indicate any ways in which the route(s) from the public entrance(s) to the fitness center is not accessible in compliance with ADAAG standards.

71.     As of the date on which the Complaint was filed, the Website did not indicate whether the route(s) from the public entrance(s) to the restaurant or food service areas is/are accessible in compliance with ADAAG standards.

72.     As of the date this request was served, the Website did not indicate whether the route(s) from the public entrance(s) to the restaurant or food service areas is/are accessible in compliance with ADAAG standards.

73.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route(s) from the public entrance to the restaurant or food service areas is/are not accessible in compliance with ADAAG standards.

74.     As of the date this request was served, the Website does not indicate any ways in which the route(s) from the public entrance to the restaurant or food service areas is/are not accessible in compliance with ADAAG standards.

75.     As of the date on which the Complaint was filed, the Website did not indicate whether the route(s) from the accessible guestroom(s) to the restaurant or food service areas is/are accessible in compliance with ADAAG standards.

76.     As of the date this request was served, the Website does not indicate whether the route(s) from the accessible guestroom(s) to the restaurant or food service areas is/are accessible in compliance with ADAAG standards.

77.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route from the accessible guestrooms to the restaurant or food service areas is not accessible in compliance with ADAAG standards.

78.     As of the date this request was served, the Website did not indicate any ways in which the route from the accessible guestrooms to the restaurant or food service areas is not accessible in compliance with ADAAG standards.

79.     As of the date on which the Complaint was filed, the Website did not indicate whether the route(s) from the public entrance(s) to the conference/ballroom space is/are accessible in compliance with ADAAG standards.

80.     As of the date this request was served, the Website did not indicate whether the route(s) from the public entrance(s) to the conference/ballroom space is/are accessible in compliance with ADAAG standards.

81.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route(s) from the accessible guestrooms to the restaurant or food service areas is/are not accessible in compliance with ADAAG standards.

82.     As of the date this request was served, the Website does not indicate any ways in which the route(s) from the accessible guestrooms to the restaurant or food service areas is/are not accessible in compliance with ADAAG standards.

83.     As of the date on which the Complaint was filed, the Website did not indicate whether the route(s) from the accessible guestroom(s) to the meeting/ballroom space is accessible in compliance with ADAAG standards.

84.     As of the date this request was served, the Website does not indicate whether the route(s) from the accessible guestroom(s) to the meeting/ballroom space is accessible in compliance with ADAAG standards.

85.     As of the date on which the Complaint was filed, the Website did not indicate any ways in which the route(s) from the accessible guestroom(s) to the restaurant or food service areas is/are not accessible in compliance with ADAAG standards.

86.     As of the date this request was served, the Website does not indicate any ways in which the route(s) from the accessible guestroom(s) to the restaurant or food service areas is/are not accessible in compliance with ADAAG standards.

87.     Defendant operates the Hotel.

88.     Defendant owns the Hotel.

89.     The Hotel is in a building constructed prior to 1991.

90.     Defendant can make changes to the content of the Website (directly or through its website company).

91.     The content of the Website has been altered or updated since the date on which the Complaint was filed.

92.     The content of the Website has been altered or updated since September 15, 2010.

93.     The content of the Website has been altered or updated since March 15, 2012.

94.     Prior to the filing of the Complaint, Defendant failed to modify its policies, practices, and/or procedures to ensure its Website allowed individuals with disabilities to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

95.     Defendant has no written policies or procedures regarding reservation for accessible guestrooms.

Dated: July 23, 2024

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Boca Raton, FL 31431
PH:     (954) 745-0588

By:  */s/ Nolan Klein*
NOLAN KLEIN, ESQ.
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the foregoing instrument was served via Email to the following individuals on the attached service list this **23rd** day of **July**, 2024.

By:  */s/ Nolan Klein*
NOLAN KLEIN, ESQ.

14

**IN THE COUNTY COURT OF THE 11ᵗʰ JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

JESUS GONZALEZ, *an individual,*                    CASE NO.: 2024-140383-CC-25

        Plaintiff,

vs.

HYATT CORPORATION,
*a Foreign corporation,*

        Defendant.

_____/

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT HYATT CORPORATION

Plaintiff, JESUS GONZALEZ, ("Plaintiff"), by and through undersigned counsel and pursuant to Fla. R. Civ. P. 1.370, hereby propounds the following First Set of Requests for Production upon Defendant, HYATT CORPORATION, ("Defendant") to be responded to within (45) days after the date of service hereof.

## DEFINITIONS

1.    The words "you," "your," "yours," "yourselves" and/or "Defendant" shall mean the Defendant HYATT CORPORATION, or other persons acting, or purporting to act, on behalf of the Third-Party Defendant.

2.    The word "Plaintiff" shall mean Plaintiff, JESUS GONZALEZ and/or his agents, representatives, affiliates, consultants, and any other person acting or purporting to act on his behalf.

3.    The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

4.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5.      The word "document" shall mean all written or graphic matter or any other means of preserving thought or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements of employees, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements or other promotional   materials, audited and unaudited financial statements, trade letters, trade publications, newspapers or newsletters, diagrams, photographs, e-mail, electronic or mechanical records, telegrams, telecopies, audiotapes, and all other receptacles or repositories housing or containing such documents, and all other media used to record, in any form, information.  A draft, annotated or otherwise non-identical copy is a separate document within the meaning of this term. "Document" shall also include any removable "Post-It" notes or other attachments affixed to any of the foregoing, as well as the file, folder tabs, and labels appended to or containing any documents.  "Document" expressly includes all Electronic Data stored on any Electronic Media.

2

6.      "Electronic Data" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  "Electronic Data" includes, by way of example and not by limitation, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, and All miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said Electronic Data exists in an active file, deleted file or file fragment. "Electronic Data" includes, but is not limited to, all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media such as Zip disks and their equivalent, magnetic tapes of all types, microfiche, and any other vehicle used for digital data storage and/or transmittal. "Electronic Data" also includes the file, folder tabs, and/or containers and labels appended to, or associated with each original and/or copy.

7.      "Electronic Media" shall mean any magnetic or other storage media device used to record Electronic Data.  Electronic Media devices may include, but are not limited to, computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, and any other vehicle used for digital data storage and/or transmittal. "Communication[s]" or "to communicate"

3

shall and include every manner and means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether oral or written, and shall refer to the transmittal of information to the transmittal of information in the form of facts, ideas, inquiries or otherwise, including by telephone, telecopier, mail, written correspondence, facsimile, personal delivery, electronic or computer transmission, overnight delivery or otherwise.

8.      "Agent" shall mean:  any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

9.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

10.      The words "pertain to" or "pertaining to" mean" relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

11.      The terms "third party" or "third parties" refers to individuals or entities that are not a party in this action.

12.      The term "Complaint" shall mean the above-entitled case filed on July 19, 2024, pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

13.      The term "action" shall mean the above-entitled case, pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

14.      The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.,); (2) the general subject matter of the document; (3) the date of the

4

document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and the addressee to each other.

15.      The word "Website" shall mean that certain website owned, maintained, and/or control by Defendant located at www.thechatwalny.com

16.      The word "Hotel" shall mean that certain hotel known as The Chatwal, located in New York, New York.

17.      Plaintiff refers Defendant to Local Rule 26.2 regarding any information Defendant believes to be privileged.

## **INSTRUCTIONS**

If you object to fully identifying a document or oral communication because of a privilege you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1.      The nature of the privilege claimed (including work product);

2.      If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege is being invoked;

3.      The date of the document or oral communication;

4.      If a document, its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if, not apparent, the relationship between the author and addressees;

5.      If an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship between the persons present to the declarant, and

6.      The general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your responses to this request for production under the circumstances specified in Fed. R. Civ. P. 26(e).

## ITEMS TO BE PRODUCED

1.       All documents (including pertinent insurance agreements) pertaining to any fact alleged in any pleadings (as defined in Fed. R. Civ. P 7[a]) filed in this action.

2.      All versions of the Website compiled by You.

3.      All documents possessed by You regarding Plaintiff.

4.      All documents which demonstrate any negative effect that alterations and modifications demanded by Plaintiff will have on you and/or others at the Facility, including effects that would fundamentally alter the nature of goods, services, facilities, privileges, advantages or accommodations offered at the Facility.

5.      All communications to or from the Defendant's employees or agents regarding modifying the Website to be complaint with 28 C.F.R. § 36.302(e)(1) from March 15, 2012 through Present.

6.      All documents regarding any complaints from any person regarding the Website's compliance with 28 C.F.R. § 36.302(e)(1) and any responses thereto from March 15, 2012 through the Present.

7.      All documents concerning the checking, testing or confirming data whether the Website is complaint with 28 C.F.R. § 36.302(e)(1).

8.      Produce all documents which reflect and/or relate to all remediations, renovations, of, construction on, and/or alterations to the Website from March 15, 2012 through Present.

6

9. Produce all contracts, work orders, receipts, reports, developer plans, and agreements reflecting and/or relating to the remodeling of, renovation of, construction on and/or alterations to the Website thereon, from March 15, 2012 through date of this demand.

10. All documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of defendant and/or its predecessor(s) in interest regarding the Website for each year from March 15, 2012 to date.

11. Produce all architect and/or website reports, plans and studies from March 15, 2012 through date of this demand relating to modifications needed and/or performed to the Website in order to comply with Title III of the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, and/or the New York City Human Rights Law.

12. All policies, practices, and/or procedures for the Website's content from March 15, 2012 through Present.

13. All documents, including contracts or agreements, between You and third parties concerning, making, modifying or altering or testing the Website to equally be complaint with Title III of the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, and/or the New York City Human Rights Law, from March 15, 2012 through Present.

14. All documents showing the amount of monetary revenues You have generated from the Website from March 15, 2012 though Present, including, without limitation, tax returns, income statement, and application and/or information provided to lenders.

15. All documents reflecting the expenses that You have incurred in creating, constructing, operating, updating, maintaining and/or managing the Website from March 15, 2012 through Present to assure its compliance with Title III of the Americans with Disabilities Act, 28

C.F.R. § 36.302(e)(1), the New York State Human Rights Law, and/or the New York City Human Rights Law.

16.     Produce all internal or third-party analysis, studies, or notes relating to the compliance of the design and construction of the Website with Title III of the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, and/or the New York City Human Rights Law, from March 15, 2012 through Present.

17.     All documents which reflect the current owner of the Website.

18.     All documents which reflect the current operator of the Website.

19.     All documents and reports which reflect and/or relate to all work, if any considered, planned and/or undertaken by or suggested to the Defendant and/or its predecessors) in interest since March 15, 2012 regarding the Website which is the subject of this action, in order to modify it so that it complies with the requirements of Title III of the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, and/or the New York City Human Rights Law.

20.     All notices, memoranda or correspondence from You or to You about the Complaint in this action. This Request excludes any attorney-client privileged communication.

21.      All documents pertaining to all efforts undertaken by you from 2010 to present to make the Website complaint with 28 C.F.R. § 36.302(e)(1).

22.     All documents pertaining to any lawsuits, grievances and/or complaints (formal or informal) which have been made or brought, either internally or externally, including any filed with the Department of Justice or any agency or court of the City or State of New York, pertaining to the Website and its compliance or noncompliance of the Subject Property with Title III of the

Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, or the New York City Human Rights Law. from March 15, 2012 through Present.

23.      Produce all communications. from March 15, 2012 through Present, between Defendant and all third parties regarding the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, or the New York City Human Rights Law from the date You developed the Website, through the date of this demand, except those with an attorney.

24.      Produce all documents relating to, referring to, or reflecting compliance with the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, or the New York City Human Rights Law. from March 15, 2012 through Present.

25.      All documents prepared by you and/or by you from any state, federal, or city agency, including the Department of Justice and/or any agency or court of the City or State of New York, pertaining to the Website and its compliance or noncompliance of the Subject Property with Title III of the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, and/or the New York City Human Rights Law, from March 15, 2012 through Present.

26.      All of your rules, orders, directives, policies, and/or procedures pertaining to the Title III of the Americans with Disabilities Act, from March 15, 2012 through Present, the disability provisions of the New York State Human Rights Law, and/or the New York City Human Rights Law, and making the Website compliant with 28 C.F.R. § 36.302(e)(1).

27.      All documents pertaining to the cost to achieve compliance with the requirements of 28 C.F.R. § 36.302(e)(1).

9

28.     All documents prepared by and/or received from any person, including documents prepared by you, pertaining to the Website and its compliance or noncompliance with Title III of the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), the New York State Human Rights Law, or the New York City Human Rights Law, from March 15, 2012 through Present.

29.     All certificates of exemption or other documents received from the Department of Justice or any other city, state or federal agency exempting the Website from the requirements of Title III of the Americans with Disabilities Act, the New York State Human Rights Law, and/or the New York City Human Rights Law.

30.     All written and/or recorded statements or video-tapes of all witnesses or potential witnesses in this lawsuit, including the parties of this action.

31.     All policies of insurance that you contend cover or may cover you for the allegation set forth in the Plaintiff's Complaint.

32.     All documents which you intend to use in depositions or at trial in this action.

33.     All documents referred to, identified in, or used to answer Plaintiff's Interrogatories to you.

34.     All documents and communications evidencing your allegations in the Affirmative Defenses of the Answer.

35.     All documents showing Your data retention/purge practices with respect to Website visitors in effect from March 15, 2012 through Present.

36.     All documents which describe any data loss or lost data related to Website visitors that occurred from March 15, 2012 through Present.

37.     All documents showing all changes or modification to the Website over the past five (5) years.

38.     All documents from or to any governmental agency concerning Your Website and the Americans with Disabilities Act and implementing regulations over the past five (5) years.

39.     All documents showing analysis for Your Website such as the number of types of users from March 15, 2012 through Present.

40.     Produce a list of Defendants subsidiaries, if any, from March 15, 2012 through Present.

41.     All documents evidencing your role in the management or operation of the Website from March 15, 2012 through Present.

Dated: **July 23, 2024.**

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Boca Raton, FL 31431
PH:     (954) 745-0588

By:   */s/ Nolan Klein*
NOLAN KLEIN, ESQ.
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the foregoing instrument was served via Email to the following individuals on the attached service list this **23rd** day of **July**, 2024.

By:   */s/ Nolan Klein*
NOLAN KLEIN, ESQ.

11

## IN THE COUNTY COURT OF THE 11th JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JESUS GONZALEZ, *an individual,*          CASE NO.: 2024-140383-CC-25

       Plaintiff,

vs.

HYATT CORPORATION,
*a Foreign Corporation,*

       Defendant.

_____ /

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

TO EACH SHERIFF OF THE STATE:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, in this action on **Defendant:**

## HYATT CORPORATION

By Serving Its Registered Agent:      c/o United States Corporation Company
                                   80 State Street
                                   Albany, NY 12207

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose address is:

### LAW OFFICES OF NOLAN KLEIN, P.A.
### Nolan Klein, Esq.
### 1213 SE Third Avenue
### Fort Lauderdale, FL 33316

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      WITNESS my hand and seal of this Court on_____7/29/2024_____, 20____.

                                  Clerk of the Court

                                  33379

                                  By: _____

                                  Deputy Clerk

**AMERICANS WITH DISABILITIES ACT OF 1990 ADA NOTICE**
**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1 Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

**LEY PARA ESTADOUNIDENSES CON INCAPACIDADES**
**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**ACT DE 1990 POUR AMERICAINS HANDICAPES AVIS DE l' ADA**
**" Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

**LWA 1990 POU AMERIKEN KI ENFIM ANONS POU AMERIKEN KI ENFIM**
**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

Filing # 205234946 E-Filed 08/21/2024 12:10:59 PM

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| COUNTY OF MIAMI-DADE | CIRCUIT COURT OF THE STATE OF NEW YORK | Record # 30109X |

JESUS GONZALEZ, an individual,

                                                    Plaintiff(s) - Petitioner(s)

                         against                                                    Date Filed   7/23/2024
                                                                                    INDEX #     2024-140383-CC-25
HYATT CORPORATION, a Foreign Corporation,

                                                    Defendant(s) - Respondent(s)

| | | |
|---|---|---|
| STATE OF NEW YORK | COUNTY OF ALBANY | 1570118 |

**PAUL J. SANTSPREE SR.**  being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at        **1:12 PM**    on    **8/8/2024**
at **80 STATE STREET, ALBANY, NY 12207** , deponent served a true copy of a

**CIVIL ACTION SUMMONS, COMPLAINT, INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS,**

upon **HYATT CORPORATION, a Foreign Corporation B/S/U CORPORATION SERVICE COMPANY AS REGISTERED AGENT**   the Defendant in this action.

**Individual**       By delivering a true copy of each and leaving with recipient personally
  [ ]              [ ] Recipient was identified by self admission.

**Suitable age**    By delivering a true copy of each and leaving with                              who is known   to be
**person**          the                              and a person of  suitable age and discretion. Said  premises is recipients
  [ ]              [ ] usual place  of abode with in the  state.  [ ] actual place of business.

**Corporation**     By delivering a true copy of each to   Legal Rep. of CSC - Jane Doe (Refused Name)   , personally.
                    Deponent knew said corporation served to be the corporation described as the named recipient and
  [ X ]            knew said individual to be the   **AUTHORIZED AGENT**   thereof, and an authorized person to
                    accept service of process.

**Approximate**
**Description**     **Sex** - Female              **Skin** - White              **Hair Color** - Blonde         **Age** -   55
                    **Height** - 5' 4"             **Weight** - 165             **Other** - Glasses

  [ X ]            The above action had endorsed thereon the index number and the filing date.

Sworn to before me
This 9 day of August 2024

                         _Notary Public - Emily M. Corbett_              _8/9/2024 - PAUL J. SANTSPREE SR._

Samuel Macie                          Michelle M. Santspree                   Emily M. Corbett
Notary Public, State of New York      Notary Public, State of New York        Notary Public, State of New York
NO. 01MA0016475                       No. 01SA5047611                         No. 01CO8299470
Qualified in Greene County            Qualified in Albany County              Qualified in Albany County
Commission Expires November 16, 2027  Commission Expires August 7,  2025      Commission Expires March 24, 2026

PREFERRED PROCESS SERVERS - 166-06 24th ROAD, LL - WHITESTONE, NY 11357 - 718-362-4890